RULEY, JUDGE:
The claimant filed this claim against the Board of Regents for breach of contract while he was employed as President of the West Virginia School of Osteopathic Medicine. The claimant was appointed President on May 23, 1978, to serve effective September 1, 1978. The letter informing the claimant of the appointment also quoted the annual salary rate. In May, 1979, Dr. Hennessy received a second letter advising the claimant, then serving as President, of the annual salary effective July 1, 1979.
It is the claimant’s contention that these letters created a contract of employment between the claimant and the Board of Regents.
During a meeting of the Board of Regents in April, 1980, the Board requested the resignation of the claimant and informed him that his services would no longer be needed as of *104 May 31, 1980, with the month of June, 1980, to be taken as claimant’s annual leave. It is the position of the Board that administrative officials serve at the will and pleasure of the Board, fhat services of the claimant could be terminated at any time, and that the claimant was not under contract during his term as President of the school.
The claimant asserted that the letter of May 9, 1979, created a year’s contract from July 1, 1979 through June 30, 1980, and, therefore, claimant is entitled to full salary for June, 1980, and annual leave for July, 1980.
The Court does not perceive the letter of appointment of May 26, 1978, or the letter of May 9, 1979, informing claimant of the annual salary rate for fiscal 1979-1980, to be contract documents. These letters reflected only the rate of salary of the claimant while in the employ of the Board.
As the Board determined to terminate the services of the claimant as of May 31, 1980, it accorded the claimant annual leave for June, 1980, and the claimant has been paid for that annual leave.
It is therefore the opinion of the Court that the claimant is entitled to no recovery in this action.
Claim disallowed.